IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TISHA HENDERSON § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:24-cv-1124-K (BT) |
| § | |
| JOSEPH BIDEN § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Tisha Henderson sues President Joe Biden, claiming that he illegally "hear[s] people talk," "illegally experimented on her brain," and illegally questioned her without her knowledge or consent. ECF No. 3 at 1. The Court should dismiss Henderson's complaint without prejudice for lack of subject matter jurisdiction.

**Legal Standards and Analysis**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter

jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." *Bell v. Hood,* 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker,* 645 F.2d 404, 416 (5th Cir. 1981)). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question suitable for decision.'" *Isom v. United States Dep't of Homeland Sec.*, 2021 WL 2232052, at *1-2 (E.D. Tex. Apr. 28, 2021), *rec. accepted* 2021 WL 2224345 (E.D.

Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting, in turn, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo*, 203 F. Supp. 3d at 44.

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a

3

party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga,* 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

Even construing Henderson's pleadings liberally, she fails to show that federal law creates her cause of action or that she is asserting a state-law claim implicating significant federal issues. Rather, it is unclear what cause of action, if any, Henderson seeks to assert. She does not reference any federal law or legal principle; nor does she assert facts from which the Court could reasonably infer a cause of action under federal law.

Henderson did check boxes on her civil cover sheet indicating that this case involves civil rights, the Medicare Act, and the False Claims Act. ECF No.8 at 1. But simply checking a box on a civil cover sheet without any factual allegations in

4

support does not establish federal jurisdiction. *See, e.g.*, *Howard v. Off. of the Special Deputy Receiver*, 2022 WL 617627, at *5 (N.D. Tex. Feb. 14, 2022), *rec. accepted* 2022 WL 614994 (N.D. Tex. Mar. 1, 2022), *aff'd*, 2022 WL 2255708 (5th Cir. 2022) ("Simply checking boxes on [the civil cover sheet] to indicate the nature of suit and listing statutes, without supporting factual allegations, is insufficient to create a federal question for purposes of subject-matter jurisdiction.") (collecting cases).

Nor does she establish diversity jurisdiction, as she fails to explicitly allege that more than $75,000 exclusive of interests and costs is at issue, and there is no basis from which the Court could infer from her allegations that it is.

Finally, Henderson's factual allegations—that the President of the United States is illegally experimenting on her brain and "illegally hearing [her] talk" — are "truly fanciful allegations" that are frivolous and therefore insufficient to support subject matter jurisdiction. *See, e.g.*, *Jackson v. Obama*, 2017 WL 1100450, at *1-2 (S.D. Miss. Feb. 9, 2017) (recommending that case be dismissed for lack of subject matter jurisdiction where plaintiff alleged that she was being recorded, spoken to, harassed, and tortured by former United States President and others), *rec. accepted* 2017 WL 1095062 (S.D. Miss. Mar. 22, 2017); *Wilson v. Obama*, 770 F. Supp. 2d 188, 192 (D.D.C. 2011) (finding that allegations that former president Barack Obama interrogated the plaintiff about military information were the kind of "fanciful claims" or allegations of "fantastic government manipulations" of the plaintiff's will or mind that did not establish

subject matter jurisdiction); *Isom,* 2021 WL 2232052, at *1-2 (finding the plaintiff's allegations that the Government used and allowed others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts were "truly fanciful factual allegations" that did not support subject matter jurisdiction); *see also Smith v. Osborne,* 2019 WL 4383337, at *3 (E.D. Tex. Aug. 18, 2019), *rec. accepted* 2019 WL 4345735 (E.D. Tex. Sept. 12, 2019) (finding that dismissal for lack of subject matter jurisdiction was warranted when the plaintiff alleged the government "developed technology to direct radiation" at his house to "cook" him and his family and used "satellite technology to track their every movement"); *McCastle v. United States,* 2016 WL 7496170, at *2 (E.D. Tex. Nov. 15, 2016), *rec. accepted* 2016 WL 7626595 (E.D. Tex. Dec. 30, 2016) ("Allegations suggesting bizarre conspiracy theories, fantastic government manipulations of the will or mind, and any sort of supernatural interventions are dismissible [for lack of subject matter jurisdiction].") (citing *Best,* 39 F.3d at 331 n.5).[1]

---

[1] The Court also notes that, if Henderson sues President Biden in his official capacity, such claims are barred by the doctrine of sovereign immunity, which is jurisdictional. *See Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). And even if Henderson sues President Biden in his individual capacity, if the allegations about his conduct are "within the perimeter of his responsibilities as chief of the executive branch," he is entitled to absolute immunity. *See Saunders v. Bush,* 15 F.3d 64, 67 (5th Cir. 1994). Some courts have held that absolute immunity implicates the Court's jurisdiction or lack thereof. *See, e.g., James v. United States Dep't of Justice,* 2019 WL 1284905, at *3 (S.D. Tex. Jan. 30, 2019), *rec. accepted* 2019 WL 1275402 (S.D. Tex. Mar. 20, 2019) (dismissing case for lack of subject matter jurisdiction where each defendant, including a former President of the United

In sum, this Court lacks subject matter jurisdiction over Henderson's case, and it should be dismissed without prejudice.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by Henderson show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. But the 14-day statutory objection period (explained below) will allow Henderson the chance to proffer facts, if any, that can cure the jurisdictional deficiencies noted above.

## Recommendation

The Court should dismiss Henderson's case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED June 3, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

States, had absolute immunity from suit because the claims arose from his or her officials actions).

7

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).